UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
ROBERTO BETANCUR,                  :     11 Civ. 5866 (WHP)
                                   :
                 Petitioner,       :     01 Cr. 628 (WHP)
                                   :
       -against-                   :     MEMORANDUM & ORDER
                                   :
UNITED STATES OF AMERICA,          :
                                   :
                 Respondent.       :
                                   :
----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/12

WILLIAM H. PAULEY III, District Judge:

        Petitioner Roberto Betancur ("Betancur") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Betancur's motion is denied.

## BACKGROUND

        On September 27, 2002, Betancur pled guilty to (1) conspiring to distribute and possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin in violation of 21 U.S.C. §846, and (2) possessing with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). On January 30, 2004, this Court sentenced Betancur principally to 235 months of imprisonment. (Transcript of Sentencing Proceeding, dated Jan. 30, 2004 at 16-17.)

        Betancur did not appeal. On March 4, 2005, Betancur moved to vacate, set aside or correct his sentence, claiming that his counsel was ineffective for failing to appeal. (See

Betancur v. United States, 05 Civ. 2561 (WHP), Dkt. No. 1.) After conducting an evidentiary hearing on April 30, 2008, this Court denied Betancur's motion. (See 05 Civ. 2561 (WHP), Dkt. No. 10.) Betancur appealed. On May 4, 2009, the Second Circuit dismissed the appeal as untimely. Betancur sought a re-hearing en banc, which the Second Circuit also denied.

On January 8, 2011, Betancur filed a "Second Successive Motion to Vacate, Set Aside or Correct Sentence" with the Second Circuit. The Court of Appeals transferred the motion to this Court after determining that Betancur's motion was "not successive within the meaning of 28 U.S.C. § 2255(h)" and. (11 Civ. 5866 (WHP), Dkt. No. 1.)

## DISCUSSION

### I.  Legal Standard

"A motion under § 2255 is not a substitute for an appeal." Rosario v. United States, 164 F.3d 729, 732 (2d Cir.1998) (internal quotation marks omitted). It is a "collateral attack on a final judgment," and relief is therefore only available when there has been "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589 (2d Cir. 1996) (internal quotation marks omitted). Section 2255 is not a vehicle for relitigating claims that have been "raised and resolved on direct appeal." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). Further, "claims that could have been brought on direct appeal [cannot] be[ ] raised on collateral review absent cause and prejudice." Yick Man Mui, 614 F.3d at 54.

## II. Untimely Claims

Betancur claims that he was denied effective assistance of counsel because: (1) "he is innocent of the charges as set forth by the government, and [] his plea was not knowing, intelligent or voluntary, because he was not advised that the plea agreement contained constitutionally deficient language"; (2) his attorney failed to advise him that his sentencing agreement contained waivers of his ability to challenge his conviction and sentence on Brady or Giglio grounds; (3) "[t]he two-point enhancement for possession of a firearm should not apply"; and (4) "[he] was never advised that by pleading guilty, he would be subject to automatic deportation due to the fact that he had pleaded guilty to an aggravated felony." (Second Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, dated Jan. 8, 2011 at 3-4; Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, dated Oct. 31, 2011, at 6; Second Amended Motion Under 28 U.S.C. § 2255, dated Apr. 6, 2012 at 3.)

A petitioner seeking relief under section 2255 must file his motion within one year of the latest of:

> (1) The date on which the judgment of conviction becomes final;
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period may also be tolled if the petitioner establishes "that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." Belot v. Burge, 490 F.3d 201, 205 (2d Cir. 2007) (internal quotation marks omitted).

Betancur's conviction became final on May 4, 2004, when the deadline for filing a petition for a writ of certiorari expired. See 28 U.S.C. § 2101(c). But he did not file his section 2255 motion until January 8, 2011—more than six and a half years after his conviction became final, and more than five and a half years after the statutory deadline expired. Betancur does not allege that the Government took any action that impeded him from making a timely motion. See 28 U.S.C. § 2255(f)(2). And Betancur is ineligible for equitable tolling because he fails to demonstrate "rare and exceptional circumstances[.]" Belot, 490 F.3d at 205 (internal quotation marks omitted). Accordingly—with one possible exception discussed below—Betancur's motion is untimely.

### III. Ineffective Assistance of Counsel

The only claim that could be timely concerns advice that Betancur purportedly received from his attorney regarding the immigration consequences of pleading guilty. In Padilla v. Kentucky, the Supreme Court held that an attorney "must inform her client whether his plea carries a risk of deportation." 130 S. Ct. 1473, 1486 (2010). Because the Supreme Court decided Padilla within one year of Betancur's section 2255 motion, Betancur can only avail himself of the Padilla rule if it applies retroactively. See 28 U.S.C. § 2255. There is currently no consensus as to Padilla's retroactivity. See Matos v. United States, --- F.Supp.2d ----, 2012 WL 569360, at *5 (S.D.N.Y. 2012) (collecting cases). But this Court need not decide the question

because Betancur fails to demonstrate any prejudice as a result of his counsel's alleged unreasonable performance.

To establish ineffective assistance of counsel, Betancur must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 168 (2d Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)) (internal punctuation and citations omitted). The first prong of the Strickland test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The second prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The standard for ineffective assistance of counsel is strict, and courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [that] might be considered sound trial strategy." Strickland, 466 U.S. at 689. The Supreme Court has also established that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

A. Prejudice

A petitioner seeking vacatur of his guilty plea must demonstrate that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." Premo v. Moore, 131 S. Ct. 733, 745 (2011) (internal quotation marks omitted). This inquiry requires a fact-specific analysis that evaluates the weight of the evidence, the consequences of various legal options, and any circumstances that may affect a decision to plea. See Premo, 131 S. Ct. at 744; see also Matos, 2012 WL 569360, at *3. "A petitioner shoulders the burden to 'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" Matos, 2012 WL 569360, at *3 (quoting Padilla, 130 S. Ct. at 1485).

Here, Betancur had no rational reason to proceed to trial. As summarized in his Presentence Report, Betancur faced overwhelming evidence of his guilt. Indeed, the only defendant in this case to proceed to trial was convicted based on much of the same evidence that would have been offered against Betancur. (Presentence Investigation Report, dated Apr. 7, 2003 ("PSR") ¶ 12.) Evidence supporting the charged crimes included, among other things: (1) recorded telephone calls in which Betancur discussed narcotics; (2) testimony from an informant about narcotics purchased from Betancur; (3) testimony from a cooperating witness about heroin bought from Betancur; (4) narcotics seized during the Government's investigation; and (5) two co-defendants' guilty plea allocutions. (PSR ¶¶ 14-50.) Based on the overwhelming evidence against him, it is reasonable to assume that Betancur would have been found guilty on both Counts.

Had a jury convicted Betancur, he would not have received a three-level reduction in his Sentencing Guidelines offense level for acceptance of responsibility. (See PSR ¶ 7.) And because Betancur was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), he would have faced a significantly longer sentence—at least 324

months of incarceration. Further, proceeding to trial would not have altered Betancur's immigration consequences. Rather, a conviction after trial would, in all likelihood, ensure that Betancur was imprisoned for an even longer term of incarceration before facing the same immigration result. Thus—regardless of his attorney's immigration-related advice—it would have been irrational for Betancur to proceed to trial. See Premo, 131 S. Ct. at 744 (grave punishment petitioner would have faced at trial suggested that it would have been irrational for him to reject a plea deal). This Court rejects Betancur's assertions to the contrary. See United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (explaining that the Strickland test requires "some further objective evidence" beyond a petitioner's "self-serving, post-conviction testimony" (internal quotation marks omitted)). Accordingly, Betancur fails to demonstrate prejudice under Strickland and his motion is denied.

IV.   Evidentiary Hearing

Section 2255 "requires the district court to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Chang v. United States, 250 F. 3d 79, 85 (2d Cir.2001) (quoting 28 U.S.C. 2255(b)). "[A] district court has discretion to determine if a testimonial hearing will be conducted." Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006) (citing Chang, 250 F.3d at 85). And a district court may decline to hold a hearing where a petitioner does not "demonstrate a colorable claim of ineffective assistance." Contino v. United States, 535 F.3d 124, 128 (2d Cir. 2008) (per curiam). Because Betancur has not demonstrated a colorable claim of ineffective assistance of counsel, this Court declines to conduct a hearing.

## CONCLUSION

For the foregoing reasons, this Court denies Betancur's motion to vacate, set aside, or correct his sentence. Because Betancur has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions, mark this case closed, and enter judgment for the United States.

Dated: October 16, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies to:*

Roberto Betancur
45318-054
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
*Petitioner Pro Se*

Adam Fee, Esq.
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
*Counsel for Respondent*